IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERRY A. ROAM                                                                                           PLAINTIFF

v.                                        CASE NO.       12-2256

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

The plaintiff filed an applications for DIB and SSI on September 22, 2009, alleging an onset date of April 23, 2009, due to plaintiff's stomach, weak legs, colon, and back pain. (T. 154).  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on January 27, 2011.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 38 years of age and possessed a High School Education. The Plaintiff had past relevant work ("PRW") experience as a cashier and temp laborer (T. 154).

On April 20, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's back disorder, gastrointestinal disorder, and obesity did not meet or equal any Appendix 1 listing. T. 13 . The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to light work with additional restrictions. T. 15. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the requirements of representative occupation such as could return to her past relevant work as a cashier II. T. 18.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

### A. Step Three:

The Plaintiff contends that the ALJ erred by not finding her condition meets or medically equals listing 1.04(a) for disorders of the spine. (ECF No. 8, p. 12).

The determination of whether a claimant meets or equals an impairment described in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, is made at step three of the disability determination process. 20 C.F.R. § 416.920(a)(4)(iii). During this step, the ALJ has the responsibility to decide whether "medical equivalence" has been established. Id. § 416.926(e). An impairment is medically equivalent under the regulations if it is "at least equal in severity and duration to the criteria of any listed impairment." Id. § 416.926(a). If the ALJ finds that a claimant has an impairment that meets or equals one of the listings, then the claimant will be found disabled. Id. § 416.920(a)(4)(iii). *Carlson v. Astrue* 604 F.3d 589, 592 (C.A.8 (Iowa),2010).

In order for Plaintiff's impairment to meet a listing, Plaintiff must provide medical evidence proving that her impairments met all of the listing specified criteria. *Gonzales,* 465 F.3d at 894. In order to meet listing 1.04A, Plaintiff must prove that she had a disorder of the spine with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness), sensory or reflex loss, and positive straight leg raising test. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, listings 1.04.

The March 2011 consultative examination from Dr. Magness that Plaintiff points to shows that Plaintiff had no evidence of muscle atrophy and intact and symmetric deep tendon reflexes (Tr. 590). Similarly, Plaintiff's treatment records showed that Plaintiff had normal neurological functioning with symmetrical reflexes and full motor strength (Tr. 297, 308). Moreover, Plaintiff's treatment records also demonstrated that Plaintiff's back, neck, and extremities were within normal limits and that Plaintiff had full range of motion in her

extremities, no evidence of tenderness, and normal gait and station (Tr. 260, 418, 425, 434, 440, 528). In fact, Plaintiff oftentimes denied having any back pain to her physicians (Tr. 417, 425, 432, 434, 439, 570). The court finds that Plaintiff failed to meet her burden of showing that she met all the criteria for any listed impairment. *See Gonzales*, 465 F.3d at 894

**B. Credibility**

The Plaintiff also contends the ALJ failed to properly assess her credibility. (ECF No. 8, p.. 12).

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d at 714 (Iowa, 2003); *Human v. Barnhart*, 2006 WL 2422182, 3 (D.Kan.) (D.Kan.,2006).

This court concludes that, based upon and review of the record and because the ALJ gave several valid reasons, the ALJ's determination that Plaintiff was not entirely credible is entitled to deference. S*ee Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012).

**C. Medication**

The Plaintiff contends that the ALJ failed to take into account the effects of her medications in determining her RFC.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§

404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing *Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

At the time the Plaintiff filed for Disability she claimed she was taking bentyl[2], mentax[3], and vitamin d. (T. 159). The Plaintiff testified that sometimes she would get a "little drowsey"

---

[2]Dicyclomine relieves spasms of the muscles in the stomach and intestines. Dicyclomine is used to treat functional bowel or irritable bowel syndrome. See www.drugs.com

[3]Butenafine topical is an antifungal medication. Butenafine topical prevents fungus from growing on your skin. Butenafine topical is used to treat athlete's foot, jock itch, and ringworm.

from her medication. (T. 35), but at that time she was talking about pain medication and not her bentryl. The Plaintiff testified, when asked what she was taking, "I think it's Oxycodone. I get the generic, so I think that is the name of it." (T. 35).

In April 2010 the Plaintiff indicated that she was on Vitamin D, Dicyclomine (Bentyl), Diovan[4], and Hydrochlorothiazide (T. 576). There was no prescription for pain medication. The Plaintiff's treating physician, in November 2010, noted that the MRI "showed merely degenerative disease and minimal disk bulging with no obvious compression of nerves noted" and his plan was to start the Plaintiff on Amitriptyline[5]. (T. 572). The only notation of medication is that the Plaintiff's hypertension was controlled with medication.

The court finds that the ALJ's RFC determination properly considered the effects of her medication.

**D. Vocational Expert**

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those impairments that the ALJ finds are substantially supported by the record as a whole." Id. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala*, 32 F.3d 1228,

---

[4]Diovan HCT (Hydrochlorothiazide is a thiazide diuretic (water pill) that helps prevent your body from absorbing too much salt, which can cause fluid retention. See www.drugs.com

[5]Amitriptyline is a tricyclic antidepressant. It affects chemicals in the brain that may become unbalanced. Amitriptyline is used to treat symptoms of depression.

1230 (8th Cir.1994).   A hypothetical need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments.  *Roe v. Chater*, 92 f.3d 672, 676 (8th Cir. 1996).

The ALJ stated that "In her work history report, the claimant wrote that she had been a cashier at A to Z Outlet from September 2008 to February 2009 (exhibit 5E). The work history report also indicates that the claimant worked at that job for a long enough period of time to have learned how to do it. In addition, the claimant's earnings record shows that the claimant had earnings at the substantial gainful activity level (exhibit 3D and 4D).

In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. According to the vocational expert, the job of cashier II is performed at the light exertional level and is considered semiskilled. The undersigned asked the vocational expert if the claimant had the same residual functional capacity as found above, could she return to any of her past relevant work, and he testified that the claimant could return to her past relevant work as a cashier II.

The court finds that the ALJ's hypothetical to the vocational expert (VE) accounted for all of Plaintiff's proven impairments, *see Buckner v. Astrue*, 646 F.3d 549, 560–61 (8th Cir.2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds substantially supported by record as a whole).

The ALJ's determination that the Plaintiff could return to her past relevant work is supported by the record as a whole.

## IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this November 15, 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE